Haywood, J.
delivered the opinion of the Court.
The plaintiffs and defendant agreed in writing, sealed, that Estill should purchase cotton for them, ten thousand pounds’ weight, and deliver the same to them at his gin, the plaintiffs to pay him in money at three and six months ; the cotton was to be delivered after the time mentioned for payment of the first instalment. The plaintiffs paid a part of their first instalment in sugar and salt; the defendant refused to deliver the cotton; the *140 plaintiffs presented for payment an account for the sugar and salt, the defendant said he was willing to pay what was right, and at another time actually paid two hundred dollars for these deliveries which the plaintiff had made ; plaintiffs then sued in this present action for that part of them which remained unpaid for; it is objected that here being an agreement under seal this action of assumpsit will not lie. No doubt this is a dependent covenant, and that the plaintiffs when suing upon it must aver performance on their part. This leads to the conclusion that plaintiffs having paid part, and not all, they must lose that part, and can never demand from the defendant a performance on his part; this was so shocking as to induce a relaxation of the rule of law. A man purchases three hundred negroes on the estate of a West India planter, plaintiffs delivered all the negroes but two or three, and these he could not deliver; they were found to belong to another; nevertheless, he sued the defendant. The Court said, must the defendant keep all these negroes for nothing because of the non-delivery of one or two ? And the Court allowed the plaintiffs to recover without the averment of a full performance on his part.
This allowance, in effect, is a dispensation with the rule of law, for if where a small part is not performed on the side of the plaintiff, he may still go on, the same will be the case if half, or two thirds, or three fourths is not performed; he may still go on upon the ground of the something, however small, that he has done.
This is equally as repugnant to justice as losing nearly all by the plaintiff after he has done the greater part; and the right medium is that which will not infringe either the rule that the plaintiff must aver performance on his part, or shall not wholly lose • whatever he has paid in part. The understanding of the parties in such case ought to be an implied agreement on the part of the defendant, that if after acceptance of part he chooses not to go on with performance of the residue on the part of the plaintiffs, that he shall not be compelled to do so, but shall be considered as having agreed that if the plaintiffs should not pay the residue, and jf the defendant should not choose to proceed, that he would return to the plaintiffs all that the defendant had received from him, and that on such implied understanding the plaintiff may have his action of assumpsit. Here, however, the case is more favorable for the plaintiffs, for in paying and receiving the two hundred dollars the defendant has acknowledged himself bound to pay for that which was delivered in part, and the plaintiffs, in accepting, have acknowledged that they do not claim the deliveries as in part performance of the agreement.
The action is well commenced, and may be sustained upon the facts stated in this record. As to the new trial moved for and refused by the Court below, the evidence went to establish two different conclusions; one of them the jury thought proper to adopt, and this Court cannot say that *141 they have done wrong; the evidence must he exceedingly preponderating, and the mistakes of the jury very gross, to induce this Court to order a new trial; for this Court cannot have the means of observing those circumstances which weighed with them, for or against the verdict, that the judge below had; and besides, from the evidence stated, our judgment is that the jury were correct in forming the opinion they did. 1 Chit. P. 96; 1 East, 630; 3 T. R. 596.
Affirm the judgment.